UNITED STATES of America, Plaintiff,

v.

FIFTY THOUSAND SIX HUNDRED SEVENTY–TWO DOLLARS AND NO CENTS IN U.S. CURRENCY, Defendant.

No. CIV. A. 97–633–JJF.

United States District Court,
D. Delaware.

Feb. 2, 1999.

Richard G. Andrews, United States Attorney, Wilmington, DE, for Plaintiff.

### *OPINION*

FARNAN, Chief Judge.

Presently before the Court is a Motion To Strike Claim And Answer (D.I.15) filed by the United States of America ("the Government") in this civil forfeiture action pursuant to 21 U.S.C. 881(a)(6). For the reasons set forth below, the Court will grant the Government's Motion.

### BACKGROUND

On December 1, 1997, the Government filed a Complaint of Forfeiture in Rem against the Defendant $50,672.00 in United States Currency. The Complaint arose in connection with the Delaware State Police's traffic stop of Juan Hurtado on Friday, July 18, 1997.

After observing Hurtado's suspicious answers to routine questions and his nervous behavior, the Delaware State Police asked for, and received, both oral and written permission to search the vehicle Hurtado was driving. As a result of the search, the Delaware State Police located a false compartment in the drivers side rear interior quarter panel, containing $50,672.00 in United States Currency. The currency was packaged in bundles, secured with rubber bands, and labeled with the amounts each bundle contained. When questioned about the currency, Hurtado initially denied any knowledge of it. Later, he admitted that he owned the money, but gave conflicting stories concerning the compartment, the total of currency,

and how the currency was placed in the compartment.

Based on the discovery and seizure of the currency, Hurtado was transported to Delaware State Police Troop 9 in Odessa, Delaware, for further investigation and questioning. In addition, a canine handler and his canine, trained in narcotics detection, was alerted to the presence of narcotic residue on the currency. The currency was later vacuumed with a remote particle sampler, and the obtained samples tested positive for the presence of cocaine residue. Believing that the currency was furnished or intended to be furnished in exchange for a controlled substance, used or intended to be used to facilitate a drug transaction and/or which constitute the proceeds traceable to a drug transaction, in violation of 21 U.S.C. § 881(a)(6), the Government instituted this civil forfeiture action.

After various attempts to personally serve Hurtado with the Complaint and related papers, the Government gave notice by publication after January 28, 1998. On February 17, 1998, an unverified Claim of Ownership and an Answer to Complaint were filed on behalf of Hurtado by his attorney, Anthony B. Covington, of William H. Murphy, Jr. and Associates, non-members of the Delaware Bar, who did not associate with local counsel, as required by D. Del. LR 83.5(d).

On March 9, 1998, the Government served its First Request for Production of Documents and First Set of Interrogatories. To date, the Government has not received any responses to these documents.

By letter dated July 21, 1998, to the Clerk of the District Court, Mr. Covington advised that he would not be representing claimant Juan Hurtado. Neither the Government, nor Mr. Covington, nor his law firm have been able to contact Hurtado, the only claimant in this case.

## DISCUSSION

By its Motion, the Government seeks to strike the Claim of Ownership and Answer to the Complaint filed by Mr. Covington on behalf of Juan Hurtado. As Hurtado's whereabouts are unknown and his attorney has withdrawn from the case, no response to the Motion to Strike has been filed. Accordingly, the Court will turn to the merits of the Motion.

## I. Claim of Ownership

■ In moving to strike the Claim of Ownership, the Government contends that the Claim fails to satisfy the verification requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. In pertinent part, Rule C(6) provides:

> The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court .... *The claim shall be verified on oath or solemn affirmation,* and shall state the interest in the property by virtue of which the claimant demands its restitution and the right to defend this action.

Supplemental Rule C(6) for Certain Admiralty and Maritime Claims (emphasis added).

In *United States v. Various Computers,* the Court of Appeals for the Third Circuit concluded that the district court erred in striking a claim for failure to contain a verification pursuant to Rule C(6). 82 F.3d 582 (3d Cir.1996). However, the court made clear that its holding was limited to the facts presented to it in that case. Recognizing that the purpose of the verification requirement is to "minimize the danger of false claims," the court stated that, "[o]n the facts of this case, however, a verification by [the claimant] .. would have been superfluous." *Id.* at 584. Particularly, the court noted that the claimant was actively defending his claim, was proceeding pro se, and that both the court and the Government were aware of the source of the claimant's interest and the basis for his claim of ownership. *Id.*

Unlike the *Various Computers* case, the claimant in the instant case, Hurtado, has not been proceeding pro se and has not been actively defending his case. Indeed, the Claim of Ownership was initially filed by an attorney, on behalf of Hurtado. However, since that time, neither the attorney, nor Hurtado have responded to the interrogato-

ries and requests for production propounded by the Government. Moreover, the attorney has recently withdrawn from the case, and neither the attorney, nor his firm, nor the Government have been able to contact Hurtado. Therefore, it appears to the Court that, at this time, the claimant is not actively defending his case either pro se or through an attorney.

Further, unlike the circumstances in *Various Computers*, there is no related criminal case to the instant civil action, and it is not obvious that Hurtado in fact owns the currency that is the subject of the forfeiture sought by the Government. As the Affidavit of Special Agent William Lutz indicates, Hurtado initially denied ownership of the currency and gave conflicting answers concerning it. See Lutz Affidavit, ¶¶ 7–8.

Under these circumstances, in which the claimant's whereabouts are unknown and the claimant is not actively defending his case, the purposes of Rule C(6), in requiring claimants to come forward quickly and in minimizing false claims, become particularly important. Since his attorney's withdrawal, Hurtado has failed to resume his defense either on a pro se basis or through another attorney, thereby thwarting the purposes of Rule C(6). Indeed, to this effect, the Court notes that the Court has never, at any time, since the institution of this action, received any correspondence from Hurtado. Under these circumstances, compliance with the verification requirement serves the important function of furthering the purposes of Rule C(6), and therefore, is not superfluous. Accordingly, under the facts of this case, the Claim will be stricken for failure to comply with the verification required by Rule C(6).

**II. Answer to the Complaint**

■ With respect to the Government's Motion to strike the Answer to the Complaint, the Government contends that the Answer should be stricken, because counsel failed to comply with D. Del. LR 83.5(d) and (e). Local Rule 83.5 requires non-Delaware attorneys to associate with local counsel. Failure to comply with this requirement subjects the defaulting party to "appropriate sanctions." In this case, the attorney who filed the Answer on behalf of Hurtado failed to associate with local counsel, and subsequently, withdrew from the case in violation of D. Del. LR 83.7, which does not permit an attorney to withdraw an appearance, unless there is "a member of the bar of this Court appearing as attorney of record for the party" who remains counsel. Based on the repeated and unremedied violations of the Local Rules in this case, the Government's Motion To Strike the Answer will be granted.

## CONCLUSION

For the reasons discussed, the Government's Motion To Strike Claim and Answer will be granted.

An appropriate Order will be entered.